UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENICE ANDREWS,

    Plaintiff,

-VS-

COMENITY BANK,

    Defendant.

_____/

CASE NO.: 6:14-cv-2116-ORL-37-KRS

JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA")

2. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 f. 3D 1242 (C.A. 11, 2014).

### JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

4. The alleged violations described in the Complaint occurred in Volusia County, Florida.

### FACTUAL ALLEGATIONS

1

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Volusia County, Florida

6. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

7. Plaintiff is an "alleged debtor."

8. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012), *Osorio v. State Farm Bank, F.S.B.*, 746 f. 3D 1242 (C.A. 11, 2014) and *Breslow v. Wells Fargo Bank, N.A.*, 2014 WL 2565984 (C.A. 11 (Fla.)).

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. COMENITY BANK called the Plaintiff approximately one thousand (1,000) times in an attempt to collect a debt.

11. COMENITY BANK attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

12. COMENITY BANK intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

14. Each call COMENITY BANK made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. Each call COMENITY BANK made to the Plaintiff's cell phone was done so without the express permission of the Plaintiff.

16. In or about 2011/2012, Plaintiff acquired a Bealls Credit Card.

17. Beginning in or around January, 2014, Plaintiff underwent financial hardships and became unable to make timely payments.

18. Beginning or around January, 2014, COMENITY BANK began placing a tremendous amount of automated calls to Plaintiff's cellular telephone in an attempt to collect the outstanding debt.

19. On numerous occasions Plaintiff would speak to agents of COMENITY BANK and explain that she was unable to pay and to please stop calling, however her requests for Defendant to cease calling were fruitless as the barrage continued.

20. During one call an unknown agent of COMENITY BANK asked her to make a payment of $237.00 which Plaintiff said she was unable to do, said agent then said COMENITY BANK would accept a payment of only $50.00, Plaintiff stated she didn't have the money for that either, whereupon the agent informed Plaintiff that COMENITY BANK would "just have to keep calling then," despite her pleas for the calls to stop.

21. On August 7, 2014, while at the hospital with her father, Plaintiff attempted to call COMENITY BANK to get the calls to cease, the agent who answered though refused to listen to Plaintiff stating that they do not have conversations through incoming calls.

22. Due to the tremendous volume of calls she received Plaintiff was not able to take note of every single call, however below is a sampling of the automated calls Plaintiff received to her cellular telephone from COMENITY BANK:

    i)    2 calls on September 7, 2014 at 9:13 am and 10:15 am

    ii)    2 calls on September 12, 2014 at 9:17 am and 10:17 am

iii) 6 calls on September 17, 2014 at 8:15 am, 9:26 am, 10:13 am, 12:25 pm, 6:23pm and 8:32pm

iv) 1 call on September 19, 2014 at 9:33 am

v) 7 calls on September 22, 2014 at 8:19 am, 9:40 am, 11:52 am, 1:22 pm, 5:53 pm, 6:53pm and 7:43pm

vi) 5 calls on September 23, 2014 at 8:17 am, 12:10 pm, 12:20 pm, 2:10 pm and 5:12 pm

vii) 1 call on September 26, 2014 at 1:15 pm

viii) 1 call on October 1, 2014 at 8:12 am

ix) 1 call on October 2, 2014 at 1:34 pm

x) 1 call on October 3, 2014 at 5:43 pm

xi) 9 calls on October 6, 2014 at 8:06 am, 9:06 am, 10:05 am, 11:06 am, 1:37 pm, 2:16 pm, 3:23 pm, 6:18 pm and 8:08 pm

xii) 3 calls on October 7, 2014 at 8:08 am, 8:14 am and 9:32 am

xiii) 6 calls on October 12, 2014 at 8:24 am, 10:09 am, 2:44 pm, 5:09 pm, 6:41 pm and 8:34 pm

xiv) 9 calls on October 13, 2014 at 8:35 am, 9:41 am, 10:41 am, 11:48 am, 1:31 pm, 2:30 pm, 3:38 pm, 6:12 pm and 8:50 pm

xv) 7 calls on October 14, 2014 at 9:20 am, 10:20 am, 11:39 am, 5:36 pm, 7:11 pm, 7:43 pm and 8:40 pm

xvi) 8 calls on October 15, 2014 at 8:15 am, 9:15 am, 10:39 am, 1:19 pm, 2:20 pm, 3:23 pm, 6:06 pm and 8:06 pm

xvii) 8 calls on October 16, 2014 at 8:13 am, 9:28 am, 10:33 am, 11:35 am, 12:42 pm, 5:31 pm, 6:08 pm and 7:11 pm

xviii) 7 calls on October 17, 2014 at 8:26 am, 9:39 am, 10:44 am, 11:24 am, 2:16 pm, 3:31 pm and 6:26 pm

xix) 11 calls on October 18, 2014 at 8:12 am, 9:18 am, 10:07 am, 11:35 am, 12:12 pm, 2:02 pm, 3:16 pm, 6:17 pm, 5:12 pm, 7:24 pm and 8:18 pm

xx) 1 call on October 29, 2014 at 6:41 pm

xxi) 6 calls on October 30, 2014 at 8:16 am, 9:36 am, 11:21 am, 2:44 pm, 6:21 pm and 8:35 pm

xxii) 6 calls on October 31, 2014 at 8:21 am, 9:35 am, 10:16 am, 11:30 am, 1:35 pm and 7:17 pm

xxiii) 6 calls on November 1, 2014 at 8:15 am, 9:39 am, 10:17 am, 11:06 am, 1:22 pm and 3:44 pm

xxiv) 2 calls on November 2, 2014 at 8:35 am and 9:32 am

xxv) 10 calls on November 5, 2014 at 9:33 am, 10:36 am, 11:42 am, 1:11 pm, 2:19 pm 2:35 pm, 3:07 pm, 5:35 pm, 6:08 pm and 8:16 pm

xxvi) 10 calls on November 6, 2014 at 8:05 am, 9:28 am, 10:37 am, 11:08 am, 11:35 am, 12:35 pm, 5:11 pm, 6:24 pm, 7:13 pm and 8:07 pm

xxvii) 8 calls on November 7, 2014 at 8:08 am, 8:35 am, 9:12 am, 11:24 am, 1:15 pm 2:14 pm, 3:14 pm and 6:39 pm

xxviii) 6 calls on November 8, 2014 at 8:09 am, 9:32 am, 10:30 am, 12:40 pm, 2:22 pm and 3:26 pm

xxix) 3 calls on November 10, 2014 at 8:05 am, 9:34 am and 10:30 am

xxx) 2 calls on November 18, 2014 at 11:51 am and 8:24 pm

xxxi) 2 calls on November 21, 2014 at 11:06 am and 6:16 pm

23. On November 10, 2014 at 8:00 am, Plaintiff received a call from Defendant wherein they asked Plaintiff to make a $60.00 payment on the account, Plaintiff responded as always that she doesn't have the money, to which the Defendant's agent responded they would notate the file to show she is refusing to make a payment.

24. During same November 10, 2014 conversation, Plaintiff instructed Defendant that she is represented by an attorney and to stop calling her, the Defendant's agent then asked her how she was able to afford to hire an attorney if she doesn't have the money to pay Defendant. The agent of the Defendant then went on to ask Plaintiff if she was going to file bankruptcy.

25. On November 18, 2014 Defendant left the following vague threatening message on Plaintiff's cell phone:

> Jenice Andrews this is recovery specialist Chris at Comenity Bank, I must speak to either you or your attorney immediately today before 3:00 pm eastern standard time to stop the bank from making a decision that will affect you surrounding Bealls, 1-800-695-7444, extension 1267515. This message has been recorded and documented on your behalf.

26. On November 21, 2014 at 6:16pm, an agent of Defendant known as Mejia, Employee ID# 664586, called Plaintiff in an attempt to collect the debt owed. Mejia asked Plaintiff if she was declaring bankruptcy, Plaintiff said she could not answer as she was represented by counsel and Defendant could contact her attorney if it wanted to do so. Mejia responded that Defendant could only contact Plaintiff's attorney if Plaintiff was filing bankruptcy.

27. COMENITY BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

28. COMENITY BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or COMENITY BANK, to remove the incorrect number.

29. COMENITY BANK's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to COMENITY BANK that they are the wrong party.

30. COMENITY BANK has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31. COMENITY BANK has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

32. COMENITY BANK has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

33. COMENITY BANK's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

34. COMENITY BANK has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

35. Plaintiff did not expressly consent to COMENITY BANK's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to COMENITY BANK's placement of the calls.

36. None of COMENITY BANK's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37. COMENITY BANK willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff incorporates Paragraphs one (1) through thirty-seven (37) above as if fully incorporated herein.

39. Defendant violated the TCPA by calling the Plaintiff.

40. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff asked the Defendant to stop calling Plaintiff.

41. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

42. COMENITY BANK repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against COMENITY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

43. Plaintiff incorporates paragraphs one (1) through thirty-seven (37) above as if fully incorporated herein.

44. At all times relevant to this action COMENITY BANK is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

45. COMENITY BANK has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

46. COMENITY BANK has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

47. COMENITY BANK has violated Florida Statute §559.72(8) by using willfully abusive language in communicating with the debtor.

48. COMENITY BANK's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against COMENITY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Intentional Infliction of Emotional Distress)

49. Plaintiff incorporates paragraphs one (1) through thirty-seven (37) above as if fully incorporated herein.

50. COMENITY BANK'S actions were, reckless, outrageous, intentional, deliberate, malicious, beyond all bounds of decency, odious and utterly intolerable in a civilized society.

51. Such conduct is the type of conduct which would cause the average person to exclaim "outrageous!"

52. As a direct and proximate result of COMENITY BANK'S conduct Plaintiff suffered severe emotional distress and mental anguish.

53. Plaintiff's emotional distress is severe and ongoing.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury of all issues so triable and judgment against Defendant COMENITY BANK for actual damage, enjoinder from similar

conduct, costs, interest, and any such other relief this Honorable Court deems appropriate in the spirit of Justice.

_____
William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff